**ORIGINAL**

# In the United States Court of Federal Claims

No. 13-261 T
(Filed: August 22, 2013)

**FILED**
AUG 2 2 2013
U.S. COURT OF
FEDERAL CLAIMS

*******************************************
HUAFENG XU,                              *
                                         *
    Plaintiff,                           *   Motion to Dismiss; RCFC 12(b)(1);
                                         *   28 U.S.C. § 1500; Tohono; 26 U.S.C.
v.                                       *   § 6512; pro se.
                                         *
THE UNITED STATES,                       *
                                         *
    Defendant.                           *
                                         *
*******************************************

Huafeng Xu, Morganville, NJ, pro se.

Bart D. Jeffress, United States Department of Justice, Washington, DC, for defendant.

## OPINION AND ORDER

**SWEENEY**, Judge

    Before the court is defendant's motion to dismiss on the grounds that the court lacks subject matter jurisdiction over the claims in plaintiff's complaint. For the reasons below, the court grants defendant's motion and dismisses the complaint.

    Plaintiff asserts that two individuals, who are allegedly employees of the Internal Revenue Service ("IRS"), violated his civil rights and failed to obey various IRS regulations and procedures. He also appears to allege that these individuals forged two notices of deficiency. On April 11, 2013, plaintiff filed a complaint in this court seeking various forms of redress for the alleged wrongdoing, including an apology, an investigation by the IRS, a refund for the amount plaintiff paid in response to the notices of deficiency, and compensation for personal distress. The government moved to dismiss pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), asserting defects with subject matter jurisdiction.

    Under 28 U.S.C. § 1500,

> The United States Court of Federal Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States or any person who, at the time when the cause of action alleged in such suit or process arose, was, in respect

thereto, acting or professing to act, directly or indirectly under the authority of the United States.

Id. This court "has no jurisdiction over a claim if the plaintiff has another suit for or in respect to that claim pending against the United States or its agents." United States v. Tohono O'Odham Nation, 131 S.Ct. 1723, 1727 (2011). "Two suits are for or in respect to the same claim, precluding jurisdiction in the [United States Court of Federal Claims], if they are based on substantially the same operative facts, regardless of the relief sought in each suit." Id. at 1731.

Here, 28 U.S.C. § 1500 precludes jurisdiction. On December 20, 2012, plaintiff filed a complaint against the same individuals in the United States District Court for the District of New Jersey. See Huafeng Xu v. Farkhanda Naqvi and Michelle Buskett, 3:12-cv-07844-PGS-DEA. On April 11, 2013, plaintiff filed its complaint in this court. The alleged operative facts between the federal district court lawsuit and this lawsuit are substantially the same. In both, plaintiff claims that the same individuals, who are purportedly IRS employees, violated his civil rights in connection with an unsigned audit letter, an alleged October 14, 2011 incident at an IRS office in New Jersey resulting in plaintiff's expulsion from that office, and two notices of deficiency issued after the alleged incident. The federal district court suit was pending when plaintiff filed his complaint in this court. Accordingly, 28 U.S.C. § 1500 deprives this court of jurisdiction and compels the dismissal of the complaint.

Moreover, even if 28 U.S.C. § 1500 did not bar plaintiff's suit, the court would nevertheless lack subject matter jurisdiction. The United States Court of Federal Claims is precluded from exercising its jurisdiction over claims against individual federal officials, see, e.g., Brown v. United States, 105 F.3d 621, 624 (Fed. Cir. 1997), and tort claims, see, e.g., Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1343 (Fed. Cir. 2008). Finally, to the extent that the complaint can be construed to seek a refund of income tax, the court lacks jurisdiction over any such tax refund claim because plaintiff must first file a refund claim with the IRS, which plaintiff does not allege he filed. See 26 U.S.C. § 7422(a); see, e.g., United States v. Clintwood Elkhorn Min. Co., 553 U.S. 1, 4-5 (2008).

Lastly, the court lacks jurisdiction under 26 U.S.C. § 6512(a), which states that when a taxpayer contests a notice of deficiency in the United States Tax Court ("Tax Court"), the taxpayer may not seek recovery in any other court. The IRS issued two notices of deficiency to plaintiff and his spouse, which they timely disputed before the Tax Court. Accordingly, because plaintiff's tax refund claim is for the same tax years in the notices of deficiency that he petitioned to the Tax Court, the court lacks jurisdiction under 26 U.S.C. § 6512(a). While there are six exceptions to the jurisdictional bar of 26 U.S.C. § 6512(a), plaintiff has not alleged facts suggesting that any apply.

Defendant's motion to dismiss is **GRANTED** and plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**.

The Clerk of the Court is directed to enter judgment accordingly. No costs.

IT IS SO ORDERED.

_____
MARGARET M. SWEENEY
Judge